IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CINDY BENTLEY, individually and on
of all other persons similarly situated,

                Plaintiff,

       v.

ALBERTSONS, a foreign corporation,

                Defendant.

_____

CV. 07-10-AS

FINDINGS AND
RECOMMENDATION

ASHMANSKAS, Magistrate Judge:

      Plaintiff Cindy Bentley ("Plaintiff"), filed this class action against her former employer,

Albertsons ("Defendant"), to recover unpaid wages and resulting penalties based on Defendant's

failure to provide its employees with statutory rest periods.  The action was originally filed in the

Circuit Court of the State of Oregon for the County of Multnomah.  On January 3, 2007, Defendant

removed the action to this court pursuant to the Class Action Fairness Act of 2005 (28 U.S.C.

§1332(d))(the "Act") asserting that the aggregate amount in controversy exceeds $5 million.

Plaintiff disputed the valuation of the aggregate amount in controversy and moved to remand the

case back to state court under 28 U.S.C. §1447(c).

In a Findings and Recommendation issued on March 5, 2007, this court found that Defendant had failed to establish that the aggregate of the class member's claims exceed $5,000,000 and recommended granting Plaintiff's motion to remand the action to state court. The court based this conclusion on a worst case scenario of Plaintiff's claim for penalty wages for all class members terminated within the relevant period.[1]

By Order dated May 2, 2007, Judge Robert E. Jones declined to adopt the Findings and Recommendation and remanded the matter to this court to address three issues. First, Judge Jones found that, in light of the recent Ninth Circuit decision in Lowdermilk v. U.S. Bank National Ass'n., 479 F.3d 994 (9th Cir. 2007), the determination of the amount in controversy under the Act should include attorneys' fees. Second, he determined that penalty wages were available to employees who were not paid the minimum wage while employed in addition to those who were not paid in full upon termination. Finally, Judge Jones noted that the more stringent "legal certainty" standard of proof should be applied to this action based on Lowdermilk.

Upon receiving Judge Jones' order, this court requested additional briefing from the parties addressing the issues to be considered on remand. After reviewing those materials, and hearing oral argument on the new issues, the court finds that Defendant has failed to establish to a legal certainty that the aggregate of the class member's damage claims exceed $5,000,000 and again recommends that Plaintiff's motion to remand be granted.

Preliminary Procedural Matter

---

[1]The court assumed that all employees terminated during the relevant period missed at least one break and would be awarded the maximum penalty of 30 days wages.

In opposition to the motion to remand, Defendant has offered three declarations: 1) the declaration of Stephanie Bennett, an Associate Relations Representative for Defendant's parent company, in which she states that "[d]uring the past three years, Albertsons has employed 4,547 non-exempt, non-unionized individuals in its Oregon stores" with "an average rate of pay of $11.60;" 2) the supplemental declaration of Stephanie Bennett in which she states that she has access to and responsibility for Defendant's personnel, employment and payroll and compensation records, that she directed a query of all Defendant's non-exempt and non-unionized employees over the past three years, and that the data compiled in the query supports her statement in her declaration (the data compiled in the query, with the employees names, social security numbers and job identification numbers redacted, was attached to the supplemental declaration); and  3) the declaration of Joshua B. Waxman, attorney for Defendant, in which he states that he reviewed the data in Bennett's supplemental declaration and determined that "there are an initial 636 employees who were terminated during the three years prior to November 24, 2006, who have an hourly rate of pay of $7.24," "there are also an additional 1,653[2] employees who were terminated during this time period who had an average hourly rate of pay of $10.706" and, if the records are adjusted to eliminate employees not within the class, Defendant employed 4,540 employees at an average hourly rate of pay of $11.605 during the relevant time period.  Plaintiff moves to strike all of these declaration as hearsay, hearsay within hearsay, lacking personal knowledge and/or authentication, contrary to the best evidence doctrine and an improper summary of voluminous documents.

In determining the amount in controversy under the Act, the court will consider "'summary-

---

[2]Defendant calculated penalty wages for this class of employee based on 1,652 rather than 1,653 employees in its supplemental memorandum.

judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations." Muniz v. Pilot Travel Centers L.L.C., 2007 WL 1302504, *3 (E.D. Cal 2007)(quoting Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). In Muniz, the district court addressed objections similar to those asserted by Plaintiff in this matter.  The evidence before the Muniz court consisted of a declaration of the defendant's manager of employee relations, who set forth the facts needed to calculate the amount in controversy, and the declaration of the defendant's legal counsel, who calculated the amount in controversy based on the facts provided by the manager.  The plaintiff argued that the declarations were inadmissible because the employer failed to produce the documents supporting the calculations.  The court rejected this argument, finding that "there is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." Id. at *5.  The Muniz court also found the plaintiffs other objections to the declarations unavailing. "Both declarations concern matters that are within the personal knowledge of the affiants or knowledge based on corporate records.  Both declarations are signed under penalty of perjury under federal law." Id. at FN5.[3]

The Ninth Circuit in Lowdermilk apparently admitted and relied on a declaration from an employee of the human resources department of U.S. Bank despite the fact that the plaintiff had

---

[3]Plaintiff argues that Muniz is distinguishable because the plaintiff in that case did not plead any amount in controversy.  Accordingly, the Muniz court applied the preponderance of evidence standard rather than the legal certainty standard first announced in Lowdermilk and applicable here.  These standards relate to the amount of evidence the defendant must provide to prove the amount in controversy – they are not relevant to the admissibility of such evidence.  Accordingly, the court finds that the evidentiary rulings of the Muniz court are applicable to this action.

objected to the declaration before the trial court.  The employee stated in the declaration that he had reviewed the company records and determined that 7,571 bank employees were terminated in Oregon during the relevant period. <u>Lowdermilk</u>, 479 F.3d at 1001. Similarly, Chief Judge Ancer L. Haggerty considered a similar declaration from the same U.S. Bank employee in <u>Tate v. U.S Bank National Association</u>, CV No. 06-1204-HU, in affirming a Findings and Recommendation that recommended granting the plaintiff's motion to remand. Order dated April 17, 2007, at 4.

In light of the direction of the Ninth Circuit, the Eastern District of California and the Chief Judge of this district, the court finds that the declarations offered by Defendant are admissible and should be considered in determining whether Plaintiff's aggregate claims exceed $5,000,000. Plaintiff's motions to strike the declarations should be denied.

<u>Legal Standard</u>

28 U.S.C. § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

A federal court presented with a motion to remand is limited solely to the question of its authority to hear the case pursuant to the removal statute.  <u>Okot v. Callahan</u>, 788 F.2d 631, 633 (9th Cir. 1986).  The removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." <u>Id</u>.  This same burden applies to class actions removed to federal court under the terms of the Act. <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 686 (9th Cir. 2006).

<u>Discussion</u>

The Act provides, in pertinent part, that:

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –

    (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

28 U.S.C. 1332(d)(2). The Act further provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(6).

Again, the only issue before the court is whether the aggregate damages for the claims alleged in the complaint exceeds $5,000,000. Plaintiff specifically alleges in the complaint caption that "the aggregate of claims does not exceed $5,000,000.00" and in her jurisdiction allegations that "the aggregate total of the claims pled herein do not exceed five million dollars. Complaint at 1 and 2. Similarly, in her Prayer for Relief, Plaintiff seeks damages for herself and all class members "in an amount less than $5,000,000.00." Complaint at 15. The Ninth Circuit has held that these allegations adequately plead a specific amount in damages. Lowdermilk, 479 F.3d at 998. Accordingly, the more stringent "legal certainty" standard is applicable here. To meet this standard, Defendant must prove Plaintiff is legally certain to recover at least $5,000,000. Id. at 1000.

Plaintiff's complaint is based on Defendant's failure to allow its employees to take statutory rest breaks. She seeks wages for the time worked during the rest breaks and penalty wages for Defendant's failure to pay these wages in a timely manner.

Oregon law requires Oregon employers to provide employees with appropriate rest periods. An "appropriate rest period" is defined as "a period of rest of not less than ten minutes for every segment of four hours or major part thereof worked in one work period without deduction from the

Page -6- FINDINGS AND RECOMMENDATION                                    *{SIB}*

employee's pay." O.A.R. 839-020-0050(1)(b). An employer is not required to provide rest periods to an employee 18 years or older who is working alone in a retail establishment for less than five hours in a continuous 16-hour period and is allowed to leave their station to use the restroom. O.A.R. 839-020-0050(1)(b)(A). Based on these regulations, only employees who work the major part of a four-hour segment and those that do not meet the specified conditions are entitled to statutory breaks.

Defendant has provided evidence that it employed 5,540 employees in Oregon during the relevant period and that the average hourly rate of pay is $11.605. During the relevant period, 2289 of these employees were terminated – 636 of the terminated employees were paid an average hourly rate of $7.24 and the other 1,653 were paid an average hour rate of $10.706. Defendant's evidence does not provide information with regard to employees' work schedules. There is no evidence that all of these employees worked four-hour shifts or that none of the employees met all of the criteria relieving Defendant from providing a statutory rest break. In the absence of this evidence, the court is unable to determine which of the employees were entitled to statutory rest periods. Stated another way, Defendant has failed to provide the court with the ability to determine how many employees qualify as class members.

Even assuming that a minimum of 100 employees were entitled to statutory break (the jurisdictional requirement under the Act) and that those employee were paid the average hourly wage, were terminated within the relevant period and were entitled to the maximum penalty for both the termination and contract claims, the aggregate of the claims for these employees equals only

$557,040.[4] The addition of a reasonable amount for attorney fees to this figure will not increase the amount in controversy to $5,000,000. Defendant has failed to met its burden to establish, with legal certainty, that the aggregate of the claims alleged in the complaint exceeds $5,000,000.

Conclusion

Plaintiff's motion (#10) to remand should be GRANTED. Plaintiff's motions (#19 and #46) to strike should be DENIED.

Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **August 8, 2007**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 23rd day of July, 2007.

/s/ Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge

---

[4]Average hourly wage ($11.605) times an eight-hour work day day times the maximum penalty of 30 days times the 100 class members times two (maximum penalty for both claims.